# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE TURKISH TOWEL COMPANY, INC., a Massachusetts corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DEBORAH CONNOLLY & ASSOCIATES, LLC, a New York limited liability corporation <br><br> Defendant; <br><br> and <br><br> ARABELLA TEXTILES, LLC, a New York limited liability company, d.b.a. DEBORAH CONNOLLY & ASSOCIATES, <br><br> Counterclaimant, <br><br> vs. <br><br> THE TURKISH TOWEL COMPANY, INC., a Massachusetts corporation, <br><br> Counterclaim Defendant. | Case No. 04-11849 NG <br><br> **ANSWER AND COUNTERCLAIM OF ARABELLA TEXTILES, LLC, d.b.a. DEBORAH CONNOLLY & ASSOCIATES** <br><br> (Jury Trial Requested) |

## **ANSWER**

For its Answer to the Complaint of plaintiff The Turkish Towel Company, Inc. ("TT") (the "Complaint"), defendant Arabella Textiles, LLC, d.b.a. Deborah Connolly & Associates ("DCA") answers, states and alleges as follows. Except as admitted, qualified or otherwise answered below, DCA denies the allegations of the Complaint.

1. DCA denies the allegations of paragraph 1 of the Complaint, except: (a) DCA admits that the Complaint seeks, among other things, declaratory relief arising out of a controversy between TT and DCA relating to copyright law; (b) DCA admits that, under cited statutes 28 U.S.C. §§ 1331 and 1338(a), the Court has subject matter jurisdiction with respect to that portion of the Complaint that seeks a declaration as to ownership of copyright and/or for further necessary or proper relief based on such declaration; and (c) DCA acknowledges that the Complaint asks the Court to take action under 28 U.S.C. §§ 2201 and 2202, which concern declaratory judgments.

2. Answering paragraph 2 of the Complaint, DCA admits that venue is proper in this District and admits upon information and belief that TT is a Massachusetts corporation conducting business in Massachusetts.

3. Answering paragraph 3 of the Complaint, DCA states that the intended defendant in the action is Arabella Textiles, LLC, which does business as Deborah Connolly & Associates, and states that Arabella Textiles, LLC is a New York limited liability company with its principal place of business in New York.

4. DCA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and thereby denies the same.

5. DCA denies the allegations of paragraph 5 of the Complaint.

6. DCA denies the allegations of paragraph 6 of the Complaint, except admits that DCA was and is entitled to payment of commissions based on sales.

7. DCA denies the allegations of paragraph 7 of the Complaint, but acknowledges that, in addition to commissions owed to DCA, TT did for approximately one year prior beginning in or about June 2001 pay over to DCA a monthly fee of $2,500.

8. DCA denies the allegations of paragraph 8 of the Complaint, but states that DCA did and does employ home textile designers, and states that TT did during the time period in question pay over to DCA a monthly fee in excess of $2,500.

9. DCA denies the allegations of paragraph 9 of the Complaint, but states that TT did at some times pay over to DCA reimbursement for certain Federal Express charges incurred in connection with marketing and sales of product manufactured by Azim Tekstil ("Azim"), and states that, from approximately June 2003 through termination of the business relationship between DCA, TT and Azim in or about July 2004, TT paid over to DCA a monthly fee of approximately $10,084.

10. DCA denies the allegations of paragraph 10 of the Complaint, except acknowledges that DCA was not the vendor on the purchase orders in question, acknowledges that DCA did not invoice purchasers on the purchase orders DCA obtained from purchasers, acknowledges that purchasers did not issue payment to DCA for the purchase orders DCA obtained from purchasers, and acknowledges that TT was obligated to pay over to DCA commissions on certain sales of Azim product, which commission was in some cases 7%.

11. DCA denies the allegations of paragraph 11 of the Complaint, except states that various DCA employees did and do within the scope of their employment with DCA prepare home textile design works, states that Azim manufactured in Turkey towel samples bearing these home textile designs of DCA, and states that Azim provided sample towels bearing home textile designs of DCA to DCA for use in connection with DCA's business. DCA further acknowledges on information and belief that TT purports to maintain that the sample towels and designs are TT's sole and exclusive property, but denies that TT is correct.

12. Answering paragraph 12 of the Complaint, DCA states that the business relationship between TT, Azim and DCA terminated in or about July 2004.

13. Answering paragraph 13 of the Complaint, DCA states that a copy of a letter from its counsel to TT and Azim was attached to the Complaint as Exhibit A and states that the letter speaks for itself.

14. DCA denies the allegations of paragraph 14 of the Complaint, except acknowledges that TT appears to "maintain" and "believe" what it states in the second and third sentences of paragraph 14 of the Complaint.

15. DCA denies the allegations of paragraph 15 of the Complaint, except admits upon information and belief that the first sentence of paragraph 15 of the Complaint states TT's "position."

16. DCA denies the allegations of paragraph 16 of the Complaint, except admits upon information and belief that the second sentence of paragraph 16 states TT's "position."

17. DCA denies the allegations of paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, DCA admits that a justiciable controversy arising under the copyright laws of the United States exists as to TT's contention that TT owns as "works made for hire" copyright in home textile designs prepared by DCA's employees within the scope of their employment by DCA.

19. Answering paragraph 19 of the Complaint, DCA admits that a controversy arising under the copyright laws of the United States exists as to TT's contention that TT owns as "works made for hire" copyright in home textile designs prepared by DCA's employees within the scope of their employment by DCA, and DCA admits on information and belief that TT claims ownership of sample towels that Azim provided to DCA.  For avoidance of doubt, DCA

further states that DCA owns the home textile designs in question and the sample towels bearing DCA's home textile designs that Azim provided to DCA.

20. DCA denies the allegations of paragraph 20 of the Complaint, except states that Exhibit A to the Complaint speaks for itself and agrees that time is of the essence in resolving this matter.

## Affirmative Defenses

21. The Complaint fails, in whole or in part, to state a claim against DCA upon which relief can be granted.

22. The Complaint fails to assert any basis for subject matter jurisdiction over claims for portions of the relief TT seeks by its Complaint.

23. TT's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, laches and/or estoppel.

## **COUNTERCLAIM**

For its Counterclaim against counterclaim defendant The Turkish Towel Company, Inc. ("TT"), counterclaimant Arabella Textiles, LLC, d.b.a. Deborah Connolly & Associates ("DCA") states and alleges as follows.

## The Parties

1. DCA is a New York limited liability company with its principal place of business in New York.

2. Upon information and belief, TT is a Massachusetts corporation with its principal place of business in Massachusetts.

## Jurisdiction and Venue

3. This Counterclaim asserts claims for a declaratory judgment and related relief pursuant to 28 U.S.C. §§ 2201 and 2202 concerning rights arising under and related to the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, for unfair competition and unfair and/or deceptive trade practices in violation of Massachusetts General Laws, c. 93A § 11, and for breach of contract.

4. This Counterclaim is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332.

5. This Court also has subject matter jurisdiction over the Count I of this Counterclaim, which arises under and relates to the copyright laws of the United States, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has additional subject matter jurisdiction over Count II of this Counterclaim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a). The Court has additional subject matter jurisdiction over Count III of this Counterclaim pursuant to 28 U.S.C. § 1367(a).

6. Venue of the counterclaims is proper in this District under 28 U.S.C. § 1391(b) in that the sole counterclaim defendant resides in this District.

## Background Allegations

7. DCA's business involves, among other things, the creation of home textile designs, the creation of packaging for home textile products, and the marketing of towels and other home textile products to retailers.

8. DCA employs, and has over the years employed, individuals that prepare home textile designs and home textile product packaging designs within the scope of their employment

with DCA. Pursuant to 17 U.S.C. § 201(b), DCA is the author of those home textile design and home textile product packaging design works for purposes of the copyright laws of the United States. DCA owns all of the rights comprised in the copyright of those home textile design and home textile product packaging design works.

9. DCA has pursuant to 17 U.S.C. § 408, *et seq*., registered numerous of its home textile design and/or home textile product packaging design works with the United States Copyright Office. Examples of the various Certificates of Registration of DCA's works issued by the United States Copyright Office are submitted herewith as Exhibits A, B and C. Pursuant to 17 U.S.C. § 410 ( c ), these certificates constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.

10. One of the various home textile manufacturers that DCA has at various times permitted to manufacture and sell home textile products bearing DCA's copyrighted home textile designs and/or to sell home textile products in packaging bearing DCA's copyrighted packaging designs is Azim Tekstil ("Azim"), a Turkish business entity with its principal place of business in Turkey.

11. TT and Azim have at all times relevant to these counterclaims had a business relationship.

12. Among other services related to sales of Azim towels to retailers in the United States and elsewhere, DCA marketed and arranged for sales of Azim towels to various retailers.

13. Pursuant to agreements between and among DCA, Azim and TT, TT is and has been obligated to pay over to DCA commissions on certain sales of Azim towels.

14. All forward-looking business relationships between DCA, on the one hand, and TT and/or Azim, on the other, were terminated effective in or about July 2004.

15. Since termination of DCA's prior business relationships with TT and/or Azim in or about July 2004, neither TT nor Azim has or has had any right or authority to make any further use of intellectual property belonging to DCA, including specifically DCA's copyrights in home textile designs and home textile product packaging designs. This fact was confirmed to TT and Azim by DCA's counsel letter of August 5, 2004, a copy of which was attached as Exhibit A to TT's Complaint herein.

16. By its Complaint in this action and otherwise, TT has claimed that it owns copyright in home textile designs prepared by DCA's employees in the scope of their employment by DCA. TT's claim is incorrect, and is without basis in fact or law.

17. Upon information and belief, TT has after termination of DCA's relationship with TT and/or Azim and without authorization of DCA offered to sell Azim towels bearing DCA's copyrighted home textile designs, and/or bearing designs derived from and/or substantially similar to DCA's copyrighted home textile designs, to various retailers in Massachusetts and/or elsewhere. Upon information and belief, the actual sale or importation of these towels by TT and/or Azim would constitute infringement of copyright of DCA in violation of 17 U.S.C. § 501.

18. Upon information and belief, TT has in the past and continues today to wrongfully represent to representatives of various retailers in Massachusetts and/or elsewhere that TT owns the home textile designs prepared by DCA's employees within the scope of their employment with DCA and that neither DCA nor the manufacturers with whom DCA works are authorized to sell or import home textile products bearing those designs. Upon information and belief, these wrongful statements by TT to retailers are intended by TT to discourage, are likely to discourage, and have in fact discouraged retailers from doing business with DCA and/or the home textile manufactures with whom DCA works. Upon information and belief, these

wrongful statements have been made by TT in Massachusetts to retailers with their principal place of business in Massachusetts.

## COUNT I

### Declaratory Judgment and Related Relief

19. DCA incorporates into this Count the averments of the foregoing paragraphs of this Counterclaim.

20. A justiciable controversy exists between DCA and TT as to TT's claim to own copyright in home textile designs and/or home textile packaging designs prepared by DCA's employees within the scope of their employment by DCA.

21. DCA seeks declaratory judgment and further necessary or proper relief based on the declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202.

22. Pursuant to Fed. R. Civ. P. 57, the Court may order a speedy hearing of this action for declaratory judgment and may advance it on the calendar.

23. The works in which TT claims to own copyright were prepared by employees of DCA within the scope of their employment by DCA.

24. TT's Complaint in this action acknowledges that a developer of home textile designs in which TT claims copyright was "in DCA's employ."

25. Pursuant to 17 U.S.C. § 201(b), DCA is the "author" of the home textile design and/or home textile product packaging design works at issue for purposes of the copyright laws of the United States.

26. DCA owns all of the rights comprised in the copyright of the home textile design and home textile product packaging design works prepared by DCA's employees within the scope of their employment with DCA (hereinafter, the "Works At Issue").

27. DCA is entitled to a declaratory judgment that DCA owns all of the rights comprised in the copyright of the Works At Issue.

28. DCA is entitled to a declaratory judgment that TT has no rights in the copyright of any of the Works At Issue.

29. DCA is entitled to a declaratory judgment that TT is without right or authority to threaten or maintain a suit for alleged infringement of copyright in the Works At Issue.

30. DCA is entitled to further relief enjoining TT, its officers, agents, servants, employees, attorneys and such other persons as may be in active concert or participation with TT as receive actual notice of the injunction order by personal service or otherwise (collectively hereinafter, the "TT and Related Persons") from representing to representatives of retailers or others that TT has rights in the Works At Issue or that TT is otherwise authorized to sell or import merchandise bearing or having packaging bearing any of the Works At Issue.

31. DCA is entitled to further relief enjoining TT and Related Persons from denying in representations to representatives of retailers or others that DCA owns any or all of the rights comprising the copyright in any and/or all of the Works At Issue.

32. DCA is entitled to further relief enjoining TT and Related Persons from offering to sell, selling, distributing and/or importing merchandise bearing or having packaging bearing: (a) one or more of the Works At Issue; (b) designs derived from one or more of the Works At Issue; and/or (c) designs substantially similar to one or more of the Works At Issue.

33. DCA is entitled to further relief enjoining TT and Related Persons from initiating or threatening suit against any person or entity whatsoever for infringement of rights in one or more of the Works At Issue.

## COUNT II

### Massachusetts General Laws c. 93A

34. DCA incorporates into this Count the averments of the foregoing paragraphs of this Counterclaim.

35. TT is engaged in trade and/or commerce in the Commonwealth of Massachusetts.

36. TT's business within the Commonwealth of Massachusetts and elsewhere is in competition with the business of DCA and/or home textile manufacturers with which DCA works.

35. By its above-described wrongful representations to retailers and otherwise, TT has engaged in an unfair method of competition and/or unfair or deceptive trade practices in violation of Massachusetts General Laws c. 93A §§ 2, 11. This unfair competition and/or unfair or deceptive trade practices has taken place primarily and substantially in the Commonwealth of Massachusetts.

36. Upon information and belief, TT's conduct in violation of M.G.L. c. 93A has been willful and knowing.

37. DCA has been damaged by TT's conduct in violation of M.G.L. c. 93A in an amount to be determined at trial.

38. DCA is pursuant to M.G.L. c. 93A entitled to treble damages and an award of its attorneys' fees herein.

39. DCA is entitled pursuant to M.G.L. c. 93A to a judgment enjoining TT from engaging the above-described unfair methods of competition and/or unfair and/or deceptive trade practices.

## COUNT III

### Breach of Contract

39. DCA incorporates into this Count the averments of the foregoing paragraphs of this Counterclaim.

40. TT owes DCA commission payments totaling $167,683.93 on sales of Azim home textile products.

41. Of these commissions owing from TT to DCA, $85,336.21 are today past due.

42. TT failure to pay DCA commissions as due is a breach of contract.

43. DCA is entitled to an award of commission payments due to DCA.

**WHEREFORE**, DCA respectfully prays that the Court enter a judgment:

(a) Dismissing TT's claims against DCA with prejudice and on the merits;

(b) Declaring that DCA owns all of the rights comprised in the copyright of the Works At Issue;

(c) Declaring TT has no rights in the copyright of any of the Works At Issue;

(d) Declaring that TT is without right or authority to threaten or maintain a suit for alleged infringement of copyright in the Works At Issue;

(e) Preliminarily and permanently enjoining TT and Related Persons from representing to representatives of retailers or others that TT has rights in the Works At Issue or that TT is otherwise authorized to sell or import merchandise bearing or having packaging bearing any of the Works At Issue;

(f)     Preliminarily and permanently enjoining TT and Related Persons from denying in representations to representatives of retailers or others that DCA owns any or all of the rights comprising the copyright in any and/or all of the Works At Issue;

(g)     Preliminarily and permanently enjoining TT and Related Persons from offering to sell, selling, distributing and/or importing merchandise bearing or having packaging bearing: (i) one or more of the Works At Issue; (ii) designs derived from one or more of the Works At Issue; and/or (iii) designs substantially similar to one or more of the Works At Issue;

(h)     Preliminarily and permanently enjoining TT and Related Persons from initiating or threatening suit against any person or entity whatsoever for infringement of rights in one or more of the Works At Issue;

(i)     Awarding DCA damages pursuant to M.G.L. c. 93A in such amount as may be proven at trial, and trebling that award of damages as authorized by M.G.L. c. 93A;

(j)     Awarding DCA such commission payments as are owing to DCA from TT at the time of trial;

(k)     Awarding DCA its attorneys' fees as provided by M.G.L. c. 93A and/or to the extent provided by other law or by equity;

(l)     Awarding DCA its costs and disbursements herein;

(m)     Awarding DCA such pre-judgment interest as may be provided for by law or equity; and

(n)   Awarding DCA such other and further relief as the Court may deem just and equitable in the circumstances.

# JURY DEMAND

Defendant and Counterclaimant Arabella Textiles, LLC hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**ARABELLA TEXTILES, LLC, d.b.a.
DEBORAH CONNOLLY & ASSOCIATES**

By its attorneys,

/s/ Anastasia M. Fernands
R. David Hosp (BBO # 634091)
Anastasia M. Fernands (BBO# 633131)
GOODWIN PROCTER, LLP
Exchange Place
53 State Street
Boston, MA  02109
Phone: 617-570-1000
Fax:  617-523-1231

OF COUNSEL:

James R. Steffen (MN# 204717)
Molly K. Beutz (MN# 324218)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: 612-766-7000
Fax:  612-766-1600

Dated:  September 20, 2004