# THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE TURKISH TOWEL COMPANY, INC., ) <br> ) <br> a Massachusetts Corporation, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEBORAH CONNOLLY & ASSOCIATES, LLC., ) <br> ) <br> a New York Limited Liability Corporation, ) <br> ) <br>     Defendant, ) <br> ) <br> and ) <br> ) <br> ARABELLA TEXTILES, LLC, a New York ) <br> limited liability company, d.b.a. DEBORAH ) <br> CONNOLLY & ASSOCIATES, ) <br> ) <br>     Plaintiff in Counterclaim, ) <br> ) <br> vs. ) <br> ) <br> TURKISH TOWEL COMPANY, INC., ) <br> a Massachusetts corporation, ) <br> ) <br>     Defendant in Counterclaim ) <br> ) | Civil Action No. 04 11849 NG <br><br> ) <br><br> Jury Trial Requested |

## Defendant in Counterclaim's Answer to Counterclaim of Plaintiff in Counterclaim

For its Answer to the Counterclaim, defendant Turkish Towel Company, Inc. ("TT") in Counterclaim answers, states and alleges as follows, answering paragraph by paragraph of Counterclaim:

1. TT admits the allegations of the Paragraph 1.

2. TT admits the allegations of the Paragraph 2.

3. No answer is required for Paragraph 3.

4. TT admits the allegations of the Paragraph 4.

5. TT admits the allegations of the first sentence of Paragraph 5, but denies the remaining allegations of Paragraph 5.

6. TT admits the allegations of the Paragraph 6.

7. TT admits that it hired and paid DCA to design towels and packaging for TT and to market towels for TT. TT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and therefore denies the same.

8. TT admits that it hired and paid DCA to design towels and packaging for TT. TT admits that it made payments to DCA for the salary of a developer who was to work exclusively for TT. TT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and therefore denies the same.

9. TT denies the allegations of Paragraph 9 and calls upon Plaintiff in Counterclaim to prove same.

10. TT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11. TT admits the allegations of the Paragraph 11.

12. TT admits that it hired and paid a commission to DCA to sell towels for TT that were produced by Azim Tekstil ("Azim") for TT. TT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and therefore denies the same.

13. TT admits that it had an oral agreement with DCA to pay DCA a commission on towels that DCA sold for TT, payment to be made to DCA when TT was paid. On the basis of this oral

agreement, TT admits that there is a commission relationship between TT and DCA. TT denies the remaining allegations of Paragraph 13.

14. TT admits that it terminated forward-looking business relations with DCA effective in or about July 2004. On information and belief, Azim terminated forward-looking business relations with DCA effective in or about July 2004.

15. TT denies the allegations of Paragraph 15.

16. TT admits that it hired and paid DCA to design towels for TT and design packaging for TT and TT owns all copyright rights in said towel and packaging designs. TT denies the remaining allegations of Paragraph 16.

17. TT admits that it sells towels bearing designs owned by TT. TT denies the remaining allegations of Paragraph 17.

18. TT denies that it has made any misrepresentations.

## COUNT I

19. No answer is required for Paragraph 19.

20. TT admits that a justiciable controversy exists between DCA and TT as to the ownership of copyright rights in towel and packaging designs for which TT paid DCA to design.

21. No is answer required for Paragraph 21.

22. TT admits the allegations of Paragraph 22.

23. TT admits that it hired and paid DCA to design towels and packaging for TT and that a portion of said payment to DCA was to be used by DCA to pay the salary of a developer who was to work exclusively for TT.

24. TT admits that it paid DCA for the salary of a developer who was to work exclusively for TT.

25. TT denies the allegations of Paragraph 25.

26. TT denies the allegations of Paragraph 26.

27. TT denies the allegations of Paragraph 27.

28. TT denies the allegations of Paragraph 28.

29. TT denies the allegations of Paragraph 29.

30. TT denies the allegations of Paragraph 30.

31. TT denies the allegations of Paragraph 31.

32. TT denies the allegations of Paragraph 32.

33. TT denies the allegations of Paragraph 33.

## COUNT II

34. No answer is required for Paragraph 34.

35. TT admits the allegations of Paragraph 35.

36. TT denies the allegations of Paragraph 36

35. (sic). TT denies the allegations of Paragraph 35 (sic).

36. (sic). TT denies the allegations of Paragraph 36 (sic).

37. TT denies the allegations of Paragraph 37.

38. TT denies the allegations of Paragraph 38.

39. TT denies the allegations of Paragraph 39.

## COUNT III

39.(sic)   No answer is required for Paragraph 39 (sic).

40. TT denies the allegations of Paragraph 40.

41. TT denies the allegations of Paragraph 41 and says that any commission due DCA will be paid to DCA as usual when TT is paid.

42. TT denies the allegations of Paragraph 42.

43. TT denies the allegations of Paragraph 43.

All further allegations not specifically admitted, qualified or otherwise answered, are expressly denied.

WHEREFORE, TT RESPECTFULLY prays that the Court enter a judgment:

4

1. Dismissing all of the Counterclaims and denying any injunctive relief to Plaintiff in Counterclaim and enter judgment for the Plaintiff TT.

2. Awarding TT such other and further relief as the Court may deem meet and just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this ___1st___ day of October 2004.

The Turkish Towel Company, Inc., by its attorneys

_____
Michael A. Paris, BBO # 389220
77 Franklin Street
Boston, Massachusetts  02110
Telephone (617) 542-5000

_____
Herbert L. Bello, BBO# 036620
One Hollis Street
Wellesley, Massachusetts  02482
Telephone: (781) 235-4457

brassanswertocclaim.wpd

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the Attorney of record for each other party by mail (by hand)
On___10/1/04___

5