UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE TURKISH TOWEL COMPANY, INC., a Massachusetts corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 04-11849 NG |
| vs. | ) ) | |
| DEBORAH CONNOLLY & ASSOCIATES, LLC. a New York limited liability corporation, | ) ) ) | |
| Defendant. | ) ) ) | |
| and | ) ) | |
| ARABELLA TEXTILES, LLC, a New York limited liability company, d.b.a. DEBORAH CONNOLLY & ASSOCIATES, | ) ) ) ) | |
| Counterclaimant | ) ) | |
| vs. | ) ) | |
| THE TURKISH TOWEL COMPANY, INC., a Massachusetts corporation, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

**EMERGENCY MOTION FOR PRELIMINARY SCHEDULING ORDER
AND EXPEDITED DISCOVERY FOR PURPOSES OF PRELIMINARY INJUNCTION**

On August 25, 2004, The Turkish Towel Company, Inc. ("Turkish Towel") commenced this litigation by bringing a declaratory judgment action against Arabella Textiles, LLC, d/b/a Deborah Connolly & Associates ("DCA"), alleging that Turkish Towel owns copyright in works that are in fact owned by DCA.

DCA responded with an answer and three-count counterclaim on September 20, 2004, including as the Counterclaim's Count I a request for a declaratory judgment that DCA in fact owns the copyright and for related preliminary and permanent injunctive relief.

DCA is suffering immediate and irreparable harm from Turkish Towel's actions, including, but not limited to, Turkish Towel's representations to various retailer customers that Turkish Towel owns DCA's copyrighted designs and that neither DCA nor the manufacturers with whom DCA works are authorized to sell or import home textile products bearing those designs.

Accordingly, DCA believes that an expedited schedule for limited discovery in preparation for early consideration of preliminary injunction and/or summary judgment motions on the copyright ownership dispute stated in Turkish Towel's Complaint and Count I of DCA's counterclaim is both appropriate and necessary for just resolution of this dispute. As further grounds for its request, DCA states as follows:

1.  Shortly after filing its answer and counterclaim, DCA sought a Rule 26(f) conference with Turkish Towel in order to discuss an appropriate, expedited discovery schedule. DCA initially proposed holding that conference on September 30, 2004. After extended discussion of dates that Turkish Towel's counsel could be available, counsel finally conducted the Rule 26(f) conference more than two weeks later, on October 14, 2004. During the conference, counsel for DCA proposed the following expedited schedule for limited discovery and prompt briefing:

> (a.) Rule 26(a)(1) disclosures by Tuesday, October 19, 2004;
> (b.) Service of written discovery requests limited to issues of copyright ownership and related relief by Thursday, October 21, 2004;
> (c.) Response to the limited written discovery requests by Thursday, November 4, 2004;

   (d.) One deposition by each side, if needed, during the week of November 8, 2004;

   (e.) Motion(s) for summary judgment and/or preliminary injunction on the question of copyright ownership and related relief served and filed on Tuesday, November 23, 2004;

   (f.) Oppositions to motion(s) due on Friday, December 3, 2004; and

   (g.) Hearing at the Court's earliest convenience.

  2. During that October 14, 2004 conference, DCA's counsel explained that the expedited schedule was necessary for a variety of reasons, including the on-going and irreparable harm DCA is suffering from Turkish Towel's claims and the fact that DCA's principal and primary witness, Ms. Deborah Connolly, is expecting twins and reasonably expects to be unavailable for meaningful participation in the action by December.

  3. Counsel for Turkish Towel rejected DCA's proposed schedule but agreed to provide a counter-proposal by the following Monday or Tuesday, October 18 or 19. However, as of Friday, October 22, Turkish Towel had not provided any alternative proposal. As of the date of this motion, counsel for Turkish Towel has also failed to respond to a reminder letter dated Friday, October 22, 2004 (attached as Exhibit A), in which their prompt response was requested.

  4. In its Complaint, Turkish Towel itself acknowledged that, because both parties are approaching retailers and trying to sell the same designs, "time is of the essence in resolving this matter." *See* Complaint, ¶ 20. Further, Fed. R. Civ. P. 57 provides that the Court may order a speedy hearing on requests for declaratory judgment and may advance the claims on the calendar.

  5. In light of both parties' recognition of the immediacy of this action as a business matter, and in light of the likelihood that the key person at DCA may be unavailable to assist in any meaningful way in the litigation by December, DCA respectfully requests that this Court enter an expedited schedule for limited discovery on copyright ownership issues and briefing on

preliminary injunction and/or summary judgment on those issues. DCA proposes the following schedule:

     (a.)    Rule 26(a)(1) disclosures by Friday, October 29, 2004 (in fact, DCA has already made its Rule 26(a)(1) disclosures);
     (b.)    Service of written discovery requests limited to issues of copyright ownership and related relief by Monday, November 1, 2004;
     (c.)    Response to written discovery requests by Thursday, November 11, 2004;
     (d.)    One deposition by each side, if needed, during the week of November 15, 2004;
     (e.)    Motion(s) for summary judgment and/or preliminary injunction on the issue of copyright ownership and related relief served and filed on Wednesday, November 24, 2004;
     (f.)    Oppositions to motion(s) due on Friday, December 3, 2004; and
     (g.)    Hearing at the Court's earliest convenience.

6.    DCA further proposes that any discovery requests made in connection with expedited discovery not be counted against the discovery limitations set forth in Local Rule 26.1(C), and that, if necessary, the Court set a scheduling conference for the remaining issues in the case after a hearing on preliminary injunction and/or summary judgment on issues concerning copyright ownership.

WHEREFORE, Arabella Textiles, LLC, d/b/a Deborah Connolly & Associates requests that the Court allow this motion and set a schedule for expedited discovery and briefing as set forth in paragraph 5, above.

> Respectfully submitted,
>
> ARABELLA TEXTILES, LLC
> d/b/a DEBORAH CONNOLLY & ASSOCIATES
>
> By its attorneys,
>
> /s/ Anastasia M. Fernands
> R. David Hosp (BBO #634091)
> Anastasia M. Fernands (BBO #633131)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA  02109
> Tel:  (617) 570-1000

**OF COUNSEL:**
James R. Steffen (MN# 204717)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: 612-766-7000
Fax:  612-766-1600

Dated: October 26, 2004

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

I hereby certify pursuant to Rules 7.1(A)(2) and 37.1(A) of the Local Rules of the United States District Court for the District of Massachusetts that counsel for DCA has attempted in good faith to resolve or narrow the issues raised in this motion, but was unable to do so.

> /s/ Anastasia M. Fernands
> Anastasia M. Fernands

LIBA/1425584.1